**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Smith, | No. CV-25-00129-TUC-BGM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Tina Smith's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  (Doc. 6.)  The Court may authorize the commencement of any suit "without prepayment of fees" by a person who submits an affidavit demonstrating that she "is unable to pay such fees[.]"  28 U.S.C. § 1915(a)(1).  A party need not be completely destitute to proceed in forma pauperis, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), and "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status," *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  It is sufficient that a party demonstrate that she cannot both pay the filing costs "and still be able to provide [her]self … with the necessities of life."  *Adkins*, 335 U.S. at 339.  Nonetheless, a plaintiff seeking *in forma pauperis* status must allege poverty "with some particularity, definiteness and certainty."  *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

The supplemental application at hand fails to demonstrate that Plaintiff cannot afford to both pay the $405 filing fee associated with her case and still be able to provide

herself with the necessities of life. (Doc. 6 at 1-5.) The application indicates that the community income of Plaintiff and her spouse over the past 12 months exceeded their expenses by $421 per month. (*Id.* at 2, 5.) This equates to annual surplus of $5,052. Additionally, Plaintiff's application indicates that she has $200,000 in assets in the form of a home that the community owns free and clear, and Plaintiff's supplemental application conspicuously omits the value of the time share she listed in her initial application. (*See* Docs. 2 at 2; 6 at 3.). Given the amount of assets Plaintiff and her spouse possess, the Court finds that Plaintiff has not established her poverty with certainty or that she will be unable to afford the necessities of life if she is required to pay the $405 filing fee. *See Preston v. Comm'r of Soc. Sec. Admin.*, No. CV-24-00583-TUC-LCK, 2024 WL 5294370, at *2 (D. Ariz. Dec. 6, 2024), *report and recommendation adopted,* No. CV-24-00583-TUC-LCK, 2025 WL 40784 (D. Ariz. Jan. 7, 2025) (denying Plaintiff's IFP application where Plaintiff and her spouse had sufficient assets to afford both the filing fee and the necessities of life). As such, Plaintiff's supplemental *in forma pauperis* request is denied.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 6) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is instructed to pay the filing fee associated with her case to proceed in federal court.

Dated this 24th day of March, 2025.

Honorable Bruce G. Macdonald
United States Magistrate Judge